IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUAN JOSE RIVERA, | ) |
| *Petitioner*, | ) ) ) |
| v. | ) 1:25-cv-1793 (PTG/WBP) |
| JEFFREY CRAWFORD, *et al.* | ) ) ) |
| *Respondents*. | ) ) ) |

## ORDER

This matter comes before the Court on a Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner Juan Jose Rivera is a national and citizen of El Salvador, who has been residing in the United States since October 2005. *Id.* ¶ 16, 38. According to the Petition, he was "apprehended ... near his home" by agents with Immigration and Customs Enforcement ("ICE") on or about October 2, 2025. *Id.* ¶ 1. Petitioner is currently detained at the Farmville Detention Center ("FDC"), which is located within this Court's jurisdiction. *Id.* ¶ 2. He has sued Jeffrey Crawford, the Warden of the FDC, and others, contending that his detention violates his constitutional rights. *Id.* ¶¶ 17-21. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2). Dkt. 6 at 1. Upon consideration of the Petition (Dkt. 1), Respondents' Opposition (Dkt. 6), and Petitioner's Reply (Dkt. 7), the Court concludes that it has jurisdiction and that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED in part**.

As a preliminary matter, for the same reasons cited in *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *6-9 (E.D. Va. Sept. 19, 2025), the Court finds that it has jurisdiction over Petitioner's challenge to his detention and its jurisdiction is not barred by § 1252(b) or

1

§ 1252(g). A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the immigration context, habeas is "regularly invoked on behalf of noncitizens." *Hasan*, 2025 WL 2682255, at *3 (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 305 (2001)). The Court finds that the Petitioner challenges the legality of his detention. Such a challenge is "separate and apart from . . . any deportation or removal hearing or proceeding." *Id.* at *4 (quoting 8 C.F.R. § 1003.19(d)). The Petition does not challenge "removal proceedings, adjudication of removal proceedings, and execution of removal orders." *Id.* at *4 (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).

Further, the Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). This Court rejects Respondents' assertion that any immigrant without lawful status, including the Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). 2025 WL 2682255, at *9-19; *see* Dkt. 6 at 5-15. This Court, and others, have repeatedly rejected Respondents' assertion. *See, e.g.*, *Hasan*, 2025 WL 2682255, at *6-9; *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). Instead, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioner has resided in the United States for more than two decades since his entry into the country in October 2005. Dkt. 1 ¶ 16. As such, Petitioner is entitled to an immediate bond

hearing under § 1226(a), and its implementing regulations, before an immigration judge. At that hearing, the government must prove by clear and convincing evidence that Petitioner poses a danger to the community, or prove by a preponderance of the evidence that Petitioner is a flight risk, if it seeks to continue detaining him. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.l(d)(l). Unless and until the government meets that burden, Petitioner's continued detention is unlawful.

Accordingly, it is hereby

**ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED in part**. The Court reserves ruling on the Petitioner's request for immediate release from detention; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 14th day of November, 2025
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge